```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 10-23693-Civ-ALTONAGA
                                     (93-244-CR-GOLD)
                              MAGISTRATE JUDGE P.A. WHITE

LAZARO CASTILLO-RANGEL        :

        Movant,               :       REPORT AND
                                      RECOMMENDATION
v.                            :

UNITED STATES OF AMERICA,     :

        Respondent.           :
_____
```

The pro se movant, Lazaro Castillo-Rangel filed a Motion to vacate sentence pursuant to 28 U.S.C. §2241, attacking the conviction in 93-244-Cr-Gold. The petition is, in legal effect a successive motion to vacate pursuant to 28 U.S.C. §2255.[1] On April 24, 1996, the habeas corpus statutes were amended. Included in the new amendments is a change in 28 U.S.C. §2244, which now reads as follows:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus except as provided in section 2255.

---

[1] A motion to vacate is the proper vehicle to challenge the validity of a conviction or sentence. See 28 U.S.C. §2255. A writ of habeas corpus may only be used when the petitioner has demonstrated remedies available under §2255 are ineffective or unavailable. In this case, where the petitioner is attempting to circumvent the requirements of filing a successive motion, he has failed to make the requisite showing. See Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999).

\*   \*   \*

>    (b)(3)(A)  <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>.
>    (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>    (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>    (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>    (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
>    (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

\*   \*   \*

(Emphasis added.)

On the same day, April 24, 1996, 28 U.S.C. §2255 was amended in relevant part to provide the following:

>    A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The movant filed six prior motions to vacate, attacking the

conviction 93-244-Cr-Gold. The first motion, assigned Case No. 97-3098-Civ-Ungaro-Benages, was denied on October 23, 2001. The Eleventh Circuit declined to issue a Certificate of Appealability on March 22, 2002, Case No. 01-16989-J. A second motion filed, case No. 97-3302-Civ-Nesbitt, was dismissed as duplicative on January 19, 1998. No Appeal was taken. The third motion to vacate, assigned case no. 03-20044-civ-Gold, was dismissed as successive on January 27, 2003. The Eleventh Circuit Court of Appeals declined to issue a certificate of appealability on June 2, 2003, Case No. 03-10809. The forth and fifth motions, assigned case nos. 05-23166-Civ-Huck and 06-22140-Civ-Huck were dismissed as successive.  Lastly, Castillo filed a motion for writ of audita querela, pursuant to 28 U.S.C. §1651, in case no. 09-23044-Civ-Gold, the Undersigned issued a report recommending dismissal for failure to obtain authorization pursuant to §2244(b)(3), which the District Court adopted.  The Eleventh Circuit Court of Appeals declined to issue a certificate of appealability on March 15, 2010, case No. 09-15870-E.[2]

If the movant intends to pursue this case, he should forthwith apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. §2244(b)(3)(A).  The movant will be provided with a form to apply for such authorization with

---

[2]   The State's response includes a detailed description of the prior proceedings initiated in this court by the movant.  See (DE# 9, p. 2-12).

this report.

On its face, this successive motion is barred by the one year statute of limitations provided by 28 U.S.C. §2255. Under the circumstances of this case it does not appear that either a direct transfer of the case to the Court of Appeals pursuant to 28 U.S.C. §1631, or a stay of the present case would be appropriate. See generally Guenther v. Holt, 173 F.3d 1328 (11 Cir. 1999).

Even assuming the instant motion was not successive, it appears that the movant is still not entitled to relief. Castillo-Rangel asserts that pursuant to Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010)he was convicted of a non-existent offense.³ The Gilbert case is insufficient to invoke the savings clause of §2255. Gilbert is an Eleventh Circuit opinion, and not a Supreme Court opinion as required in Wofford. Wofford, 177 F.3d at 1244. See Rodriguez v. Wells, 2010 WL 5558907, *2 (S.D.Ga. 2010). Further, the opinion in Gilbert has since been vacated for the purpose of holding a rehearing *en banc*. Gilbert v. United States,

---

³   In Gilbert, the petitioner sought §2241 relief from her convictions, claiming actual innocence pursuant to Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008) and United States v. Archer, 531 F.3d 1347 (11th Cir.2008). In Begay, the Court limited the meaning of "violent felony" under the Armed Career Criminal Act (ACCA) and in *Archer*, the Eleventh Circuit applied Begay to find that a prior conviction for carrying a concealed weapon was not a qualifying "crime of violence" for purposes of sentencing as a "career offender" under U.S.S.G. §4B1.1. The Eleventh Circuit in Gilbert applied Begay and Archer retroactively and found the defendant innocent of the "offense" of being a career offender.

No. 09-12513, 2010 WL 4340970 (11th Cir. Nov. 3, 2010). In conclusion, Petitioner has not made the showing required to invoke the savings clause of §2255 as to the claim presented in this habeas corpus proceeding. See Pack v. Yusuff, 218 F.3d 448, 452-54 (5th Cir. 2000).

In light of the foregoing, it is therefore recommended that this case be dismissed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this day of 12th  April, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Lazaro Castillo-Rangel, Pro Se
    Reg. No. 47038-004
    Federal Correctional Institution
    PO Box 779800
    Miami, FL 33177-0200

    Juan Antonio Gonzalez , Jr.
    United States Attorney's Office - H.I.D.T.A.
    11200 NW 20th Street
    Suite 101
    Miami, FL 33172