## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 10-23693-CIV-ALTONAGA/White

LAZARO CASTILLO-RANGEL,

       Movant,

vs.

UNITED STATES OF AMERICA,

       Respondent.

_____/

### ORDER

**THIS CAUSE** came before the Court upon Magistrate Judge Patrick A. White's Report and Recommendation ("Report") [ECF No. 13], entered on April 13, 2011.  On October 13, 2010, Plaintiff, Lazaro Castillo-Rangel, filed a Petition for Writ of Habeas Corpus, Pursuant [to] 28 U.S.C. § 2241 ("Motion") [ECF No. 1].  The case was thereafter referred to Judge White, and in the present Report, Judge White recommends the Motion be denied and the case be dismissed.  (*See* Report 5). Mr. Castillo-Rangel filed his Objections [ECF No. 14] to the Report on April 29, 2011.  The Court has carefully reviewed the Report and Objections, the applicable law, and conducted a *de novo* review of the record.

In the Motion, Mr. Castillo-Rangel attacks his conviction in Case No. 93-244-CR-Gold.  In the Report, Judge White notes that Mr. Castillo-Rangel has filed six prior motions to vacate his conviction in that case:

> The first motion, assigned Case No. 97-3098-Civ-Ungaro-Benages, was denied on October 23, 2001.   The Eleventh Circuit declined to issue a Certificate of Appealability on March 22, 2002, Case No. 01-16989-J.  A second motion filed, case No. 97-3302-Civ-Nesbitt, was dismissed as duplicative on January 19, 1998.  No appeal was taken.  The third motion to vacate, assigned case no. 03-20044-civ-Gold,

Case No. 10-23693-CIV-ALTONAGA/White

was dismissed as successive on January 27, 2003. The Eleventh Circuit Court of Appeals declined to issue a certificate of appealability on June 2, 2003, Case No. 03-10809. The forth [sic] and fifth motions, assigned case nos. 05-23166-Civ-Huck and 06-22140-Civ-Huck were dismissed as successive. Lastly, Castillo filed a motion for writ of audita querela, pursuant to 28 U.S.C. § 1651, in case no 09-23044-Civ-Gold, [Judge White] issued a report recommending dismissal for failure to obtain authorization pursuant to § 2244 (b) (3), which the District Court adopted. The Eleventh Circuit Court of Appeals declined to issue a certificate of appealability on March 15, 2010, case No. 09-15870-E.

(Report 2–3). "Federal prisoners seeking to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion."[1] *In re Joshua*, 224 F.3d 1281, 1281 (11th Cir. 2000) (citing 28 U.S.C. §§ 2255, 2244(b)(3)). Because Mr. Castillo-Rangel has not demonstrated that he has received authority from the Eleventh Circuit to file a successive section 2255 motion, Judge White recommends the Motion be dismissed.

In his Objections, Mr. Castillo-Rangel contends that, notwithstanding his previous petitions, the Court has jurisdiction to consider the Motion pursuant to the "savings clause" of section 2255. (Objs. 1–2). He maintains that the savings clause allows him to pursue his motion under section 2241. (*See id.*). The savings clause provides that section 2255 "affords the exclusive remedy for challenging a conviction and sentence, unless the remedy is inadequate or ineffective." *State v. Palanecia-Vaca*, No. 8:07-CR-30-T-30EAJ, 2010 WL 3190679, at *2 (M.D. Fla. Aug. 10, 2010). Mr. Castillo-Rangel contends that in the instant case, the remedy afforded by section 2255 is

---

[1] Mr. Castillo-Rangel has already been advised of this restriction in several of the orders denying him habeas relief. *See* Case No. 05-23166 [ECF Nos. 5, 7] (instructing Mr. Castillo-Rangel that if he intends to pursue the case, "he should forthwith apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. § 2244(b)(3)(A)" ); Case No. 03-20044 [ECF No. 5] (same); Case No. 06-22140 [ECF No. 6] (same).

2

Case No. 10-23693-CIV-ALTONAGA/White

inadequate and ineffective. (*See* Objs. 1–4). In support of his position, Mr. Castillo-Rangel relies

almost exclusively on the recent Eleventh Circuit holding in *Gilbert v. United States*, 609 F.3d 1159,

1163 (11th Cir. 2010). (*See* Objs. 2–3). In that case, the Eleventh Circuit explained that:

> under certain circumstances, the withdrawal of all judicial review from a successive
> motion under § 2255 may raise serious constitutional issues. *Wofford v. Scott*, 177
> F.3d 1236, 1244 (11th Cir. 1999). [In *Wofford*, w]e noted that where a petitioner has
> a claim that goes to the fundamental legality of his conviction and sentence, and for
> which he has had no prior opportunity to obtain a reliable judicial determination,
> serious constitutional issues might arise if the successive motion bar in § 2255
> foreclosed all relief. *Id.* We read the "savings clause" of § 2255 — permitting
> traditional habeas relief by petition under § 2241 when it "appears that the remedy
> by motion [under § 2255 is inadequate or ineffective to test the legality of [the
> federal prisoner's] detention," — as saving § 2255 from such serious constitutional
> problems. *Id.* at 1241 (quoting § 2255). We said, however, that it is only in the rare
> case that a confluence of events will operate to render § 2255 "inadequate or
> ineffective" to test the legality of a detention, thus opening the portal to § 2241
> review of a barred successive § 2255 claim. We held that the savings clause of
> § 2255 applies to an otherwise barred claim when:
>
> > 1) That claim is based upon a retroactively applicable Supreme Court
> > decision; 2) the holding of that Supreme Court decision establishes
> > the petitioner was convicted for a nonexistent offense; and, 3) circuit
> > law squarely foreclosed such a claim at the time it otherwise should
> > have been raised in the petitioner's trial, appeal, or first § 2255
> > motion.
>
> *Id.* at 1244.

*Gilbert*, 609 F.3d at 1163–64. Mr. Castillo-Rangel claims that in light of the decision in *Gilbert*, he

satisfies those three elements. (*See* Objs. 1–4). In other words, Mr. Castillo-Rangel claims that under

the circumstances involved in the instant case, section 2255 is inadequate or ineffective, and thus

the savings clause permits him to file a petition under section 2241.

In *Gilbert*, the petitioner was convicted and sentenced for a crack cocaine offense, and his

sentence was enhanced based upon a finding by the district court that he was a career offender under

3

the sentencing guidelines.  *See Gilbert*, 609 F.3d at 1160.  He sought section 2241 relief from the sentence claiming actual innocence pursuant to *Begay v. United States*, 553 U.S. 137 (2008), and *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008).  Specifically, the petitioner claimed he was inappropriately categorized as a career offender because carrying a concealed firearm was not an offense that would qualify as a crime of violence under the career offender provisions of the guidelines.  *See Gilbert*, 609 F.3d at 1161.

The Eleventh Circuit in that case ruled in favor of the petitioner, finding he satisfied the elements necessary to invoke the savings clause of section 2255 because his claim was based upon a retroactively applicable Supreme Court decision, *Begay*, the holding of which established she was convicted for a nonexistent offense.  In particular, the court noted that *Begay* limited the meaning of "violent felony" under the Armed Career Criminal Act ("ACCA") and established a new standard for determining whether an offense constitutes a "violent felony" or "crime of violence."  *Id.* at 1161–62; *see Begay*, 553 U.S. at 1585.  The court also cited *Archer*, a case in which the Eleventh Circuit applied *Begay* to find that a prior conviction for carrying a concealed weapon was not a qualifying "crime of violence" for purposes of sentencing as a "career offender."  *Archer*, 531 F.3d at 1348.  Based on those cases, the Eleventh Circuit in *Gilbert* found the petitioner had been convicted of a "nonexistent offense."  *Gilbert,* 609 F.3d at 1165.  In other words, the Court found he was sentenced for "an act that the law does not make criminal" and thus the savings clause was applicable.  *Id.*  Essentially, the court applied *Begay* and *Archer* retroactively and found the petitioner innocent of the "offense" of being a career offender.  The Eleventh Circuit's opinion in *Gilbert* was later vacated for the purpose of holding a rehearing *en banc*.  *See Gilbert v. United*

4

Case No. 10-23693-CIV-ALTONAGA/White

*States*, 625 F.3d 716, 716 (11th Cir. 2010) (vacating *Gilbert* and granting rehearing).

In his Objections, Mr. Castillo-Rangel contends his case is analogous to *Gilbert* and therefore the Court should withhold ruling on the current Motion until the Eleventh Circuit issues its opinion in the rehearing in *Gilbert*. Specifically, Mr. Castillo-Rangel states:

> The Magistrate Judge "jumps the gun" and suddenly decides to recommend that Castillo's § 2241 which is predicated and in full dependence of the Gilbert's [sic] decision or ruling be denied as a successive § 2255, something, that the original three-judge Eleventh Circuit Court's panel in *Gilbert* refused to do, and the full Court en banc had no [sic] yet arrived at a decision.

(Objs. 3). Mr. Castillo-Rangel asserts Judge White should have waited until after the Eleventh Circuit rules in the rehearing of *Gilbert* before making his recommendation. However, the Eleventh Circuit's opinion in *Gilbert* on rehearing will have no impact on the validity of Mr. Castillo-Rangel's petition because regardless of how the Eleventh Circuit decides *Gilbert*, Mr. Castillo-Rangel's petition is a successive habeas petition that must be dismissed.

Notwithstanding Mr. Castillo-Rangel's assertion that *Gilbert* is "analogous and/or identical to the instant case" (Mot. 6), the instant case does not involve the "nonexistent offense" addressed in *Gilbert* and *Begay*. In *Gilbert*, the court held the petitioner was erroneously found guilty of the "offense" of being a career offender because the petitioner's prior convictions did not qualify as "violent felonies" as required for a career offender sentencing enhancement under U.S.S.G. § 4B1.1. *Gilbert*, 609 F.3d at 1165. The instant case does not involve the "offense" of being a "career offender" as that term is defined in section 4B1.1. Instead, Mr. Castillo-Rangel claims he was convicted of the "nonexistent offense" of "possession and carrying of a firearm during the commission of a drug trafficking offense and of the 28 U.S.C. Section [] 851 sentencing

5

Case No. 10-23693-CIV-ALTONAGA/White

enhancement." (Mot. 6).

With respect to Mr. Castillo-Rangel's sentencing enhancement under section 851, *Gilbert* are *Begay* inapplicable. This is because unlike in *Gilbert*, in the instant case there is no indication that Mr. Castillo-Rangel was deemed to have committed a "violent felony" or "crime of violence." Cases interpreting those phrases do not apply. Furthermore, Mr. Castillo-Rangel has not identified any Supreme Court decision which establishes that the enhanced sentence he received as a result of his prior felony drug convictions constitutes a nonexistent offense.[2]

Mr. Castillo-Rangel's claim regarding the offense of carrying a firearm is equally deficient. Again, unlike the petitioner in *Gilbert,* Mr. Castillo-Rangel has not identified a new Supreme Court decision that establishes the offense for which he was convicted is a nonexistent offense. The only Supreme Court opinion upon which his claim is based is *Bailey v. United States*, 516 U.S. 137 (1995). But *Bailey* had already been decided prior to the filing of Mr. Castillo-Rangel's *first* habeas petition, and Mr. Castillo-Rangel raised his *Bailey* arguments in that petition. *See id.*; (Mot. 3–4). As Mr. Castillo-Rangel acknowledges, a magistrate judge reviewed the petition containing Mr. Castillo-Rangel's *Bailey* arguments, that judge recommended his petition be denied, and a district court, after conducting a *de novo* review of the petition, adopted the magistrate judge's recommendation, despite Mr. Castillo-Rangel's objections. (*See* Mot. 4).

Because Mr. Castillo-Rangel has not shown that the remedy in section 2255 is inadequate or ineffective to test the legality of his detention, the savings clause does not apply. As a result, the

---

[2] Moreover, to the extent Mr. Castillo-Rangel contends *Gilbert* itself established some retroactively-applicable rule that demonstrates Mr. Castillo-Rangel was convicted of a non-existent offense, his argument is insufficient to invoke the savings clause as *Gilbert* is an Eleventh Circuit opinion, not a Supreme Court opinion.

6

Case No. 10-23693-CIV-ALTONAGA/White

present petition constitutes a successive section 2255 petition, and must be denied as Mr. Castillo-

Rangel has not received authorization from the Eleventh Circuit to file the same.  Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1.      The Report **[ECF No. 13]** is **ADOPTED**.

2.      The Petition for Writ of Habeas Corpus **[ECF No. 1]** is **DENIED**.

3.      The Clerk is instructed to **CLOSE** the case.

**DONE AND ORDERED** in Chambers at Miami, Florida this 11th day of May, 2011.

_____

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record
    Lazaro Castillo-Rangel, *pro se*